Kim Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MAURICE WHITTED,

                 Plaintiff,

     -against-

THE CITY OF NEW YORK, P.O. JAMES
FLEMING, and JOHN/JANE DOE #1-10,
Individually and in their Official Capacities
(the names "John and Jane Doe" being fictitious,
as the true names are presently unknown),

                 Defendants.
-----------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff Maurice Whitted (hereinafter "Plaintiff"), by his attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK and POLICE OFFICER ("P.O.") JAMES FLEMING, Shield #7583, and Defendants JOHN/JANE DOE #1-10 (collectively,

1

"Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2. This action seeks redress for violation of Plaintiff's Constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these Constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff Maurice Whitted was a resident of the County of the Bronx, located in the Southern District of New York.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK ("CITY") was and is a municipality of the State of New York; Defendant CITY operates,

manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant FLEMING, and one or more of the other named Defendants.

8. At all times relevant to this action, Defendant P.O. FLEMING ("FLEMING") was and is a police officer employed by the NYPD and acting under color of state law.

9. Defendants P.O. FLEMING and JOHN/JANE DOE #1-10 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other Individual Defendants.

10. Defendant CITY and Defendants JOHN/JANE DOE #1-10 were responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

## FACTS

12. On or about July 21, 2010, Plaintiff Maurice Whitted sustained serious injuries as a result of being viciously beaten by Defendants in the vicinity of his home on Findlay Avenue in Bronx County, New York.

13. At approximately 6:00 a.m. on the aforementioned date, Plaintiff was in his home and saw Defendants approaching his apartment building. Plaintiff exited the building through the rear fire escape, re-entered through the basement, and exited the basement toward the front entrance of the building.

14. At or near the front entrance of the building, Plaintiff saw Defendant P.O. FLEMING stationed outside and surrendered to him. Defendant FLEMING stated that he was going to put handcuffs on Plaintiff, "for [Plaintiff's] safety", and Plaintiff cooperated, allowing Defendant FLEMING to handcuff his hands behind his back.

15. Defendant FLEMING thereafter instructed Plaintiff to sit down outside.

16. After Plaintiff was seated with his hands cuffed behind his back, Defendant FLEMING, suddenly and without any provocation whatsoever, began to strike Plaintiff in and about the face with a closed fist.

17. Several additional Defendants joined Defendant FLEMING and participated in the unprovoked beating of Plaintiff, who was defenseless, repeatedly striking and kicking Plaintiff about the face and body continuously for several minutes.

18. Plaintiff, in intense pain and having been severely injured as a result of being beaten, pleaded with Defendants to call an ambulance immediately to take him to a hospital. However, Defendants continued their unprovoked assault and beating and an ambulance did not arrive until approximately 6:30 a.m., several minutes after the beating had stopped.

19. Due the severity of his injuries, Plaintiff was transported directly to the emergency room at Lincoln Medical and Mental Health Center ("Lincoln Hospital") on East 149th Street in Bronx County.

20. Plaintiff was thereafter treated at Lincoln Hospital for several injuries, including severe bruising, swelling and lacerations, which required Plaintiff to receive seventeen stitches around his left eye and eyebrow; medical tests further revealed that Plaintiff sustained a fractured nose.

21. While being treated for his injuries, Plaintiff informed a nurse that the Defendants, one or more of whom was standing nearby and within earshot of Plaintiff's words, had beaten him up and still had his blood on their hands and boots.

22. Defendants, in response to having heard Plaintiff convey the aforementioned information to the nurse, immediately went to remove the blood from themselves and their clothing so that it could not be observed or preserved.

23. At approximately 12:00 p.m., Plaintiff was transported from Lincoln Hospital to one of Defendant CITY's central booking facilities.

24. By this time, Plaintiff's left eye had swollen shut as a result of the injuries inflicted by Defendants during the beating, and remained swollen shut for approximately six days thereafter. Plaintiff continues to have visible scars around his eyes as a result of the aforesaid injuries.

25. Over a period of several days following the incident, Plaintiff treated at Lincoln Hospital for a follow-up visit, and thereafter treated at Montefiore Comprehensive Health Care Center, 305 East 161st Street, Bronx, NY 10451 and Montefiore Medical Center - Moses Division, 111 East 210th Street, Bronx, NY 10467.

26. Despite the treatment Plaintiff has received, the injuries caused by Defendants' unlawful acts continue to cause him significant physical pain and impairment. Plaintiff's ongoing symptoms include, *inter alia*, a constant tingling

sensation in his left eye, frequent and severe headaches, sleep disturbances and insomnia, increased sensitivity to sound, and trauma-related anxiety.

27. Upon information and belief, Plaintiff filed a timely Notice of Claim with Defendant CITY's Office of the Comptroller regarding the incident and related injuries alleged herein. However, no hearing pursuant to General Municipal Law Section 50-h was ever conducted in this matter.

28. At least thirty days have elapsed since Plaintiff served the Notice of Claim, and the City has neglected and/or refused to adjust and/or make payment on the claim.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

31. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

35. By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: NEGLIGENCE

36. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

37. Defendants had a legal duty to Plaintiff, including the duty to act reasonably and the duty to protect Plaintiff once he was in their custody.

38. Defendants' actions in beating Plaintiff and/or allowing Plaintiff to be beaten, without provocation, cause or privilege, constituted a breach of their legal duty to Plaintiff.

39. Defendants' actions in unreasonably delaying and denying medical treatment to Plaintiff, and/or allowing such treatment to be delayed and denied while he was in their custody, constituted a breach of their legal duty to Plaintiff.

40. As a consequence of Defendants' actions as described herein, Plaintiff

suffered extensive physical injuries as well as unnecessary pain and suffering, and has been otherwise injured.

41. Defendants' actions herein inflicted emotional distress upon Plaintiff.

42. Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

43. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## THIRD CLAIM FOR RELIEF: ASSAULT AND BATTERY

44. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

45. By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York

46. Defendants FLEMING and John/Jane Does #1-10 acted in a violent, excessive, unnecessary, and unwarranted manner in the performance of their duties as police officers of the City of New York.

47. By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner, in violation of the Constitution and Laws of the State of New York.

48. Defendants' actions were not in furtherance of any legitimate penological interest and were not otherwise privileged.

49. As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

8

50. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### FOURTH CLAIM FOR RELIEF: <br> DUE PROCESS VIOLATION

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

52. Defendants the City, FLEMING and John/Jane Does #1-10 knowingly and intentionally destroyed physical evidence of the injuries they had inflicted upon Plaintiff in violation of the Constitution and Laws of the United States and the State of New York.

53. Defendants destroyed this evidence, *i.e.*, the Plaintiff's blood that was present on their hands and boots, upon hearing Plaintiff's mention that such evidence of said violations of Plaintiff's rights existed, so as to unlawfully interfere with Plaintiff's ability to pursue and vindicate his rights under federal and New York state law.

54. By the actions described herein, Defendants deprived Plaintiff of due process rights secured by the United States Constitution and actionable under 42 U.S.C. § 1983, as well as rights secured by the laws of the State of New York, for which Defendants are individually liable.

### FIFTH CLAIM FOR RELIEF: <br> DENIAL AND DELAY OF MEDICAL TREATMENT

55. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

56. As described herein, Defendants acted with deliberate indifference to Plaintiff's serious medical condition by, *inter alia*, unreasonably denying and delaying

medical treatment, despite the seriousness and obviousness of Plaintiff's medical needs and his repeated requests for treatment.

57. Defendants were actually and constructively aware of Plaintiff's serious medical needs.

58. Defendants consciously disregarded the serious and obvious medical risk posed to Plaintiff's mental and physical well-being by, *inter alia*, failing to provide essential medical treatment for his serious injury.

59. Defendants' deliberate indifference to Plaintiff's serious and obvious medical needs violated the Constitution of the United States.

60. As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

## SIXTH CLAIM FOR RELIEF: EXCESSIVE FORCE

61. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

62. The degree of force Defendants used against Plaintiff as described herein was excessive, unreasonable, and unwarranted.

63. Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

64. As a result of Defendants' excessive force and brutality, Plaintiff has, *inter alia*, endured substantial and continuous pain, experienced bruising and swelling of his eyes, sustained visible scars around his eyes, suffered a fractured nose, and continues to suffer frequent and severe headaches.

65. All of the aforementioned acts of Defendants constituted excessive force

in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

### SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

67. Defendants severely beat and injured Plaintiff, without any provocation from Plaintiff, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

68. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

70. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

71. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

75. Defendant CITY, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from the use of excessive and unreasonable force and denial of due process of law in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

76. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of due process of law;

   b. To be free from excessive force and infliction of emotional distress;

   c. Not to suffer deliberate indifference to his serious medical needs; and

   d. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of TWO MILLION ($2,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         March 4, 2013

                                        Respectfully submitted,

                                        /s/ Kim E. Richman
                                        _____
                                        Kim E. Richman, Esq.
                                        REESE RICHMAN LLP
                                        875 Avenue of the Americas, 18th Floor
                                        New York, NY 10001
                                        212-643-0500 (telephone)
                                        212-253-4272 (facsimile)

                                        *Attorney for Plaintiff*