UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X

MAURICE WHITTED,

                                 Plaintiff,

                  -against-

THE CITY OF NEW YORK, P.O. JAMES FLEMING,
AND JOHN/JANE DOE #1-10, INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES (THE NAMES
"JOHN AND JANE DOE" BEING FICTITIOUS, AS THE
TRUE NAMES ARE PRESENTLY UNKNOWN),

                               Defendants.

----------------------------------------------------------------------- X

**ANSWER OF DEFENDANTS
CITY AND FLEMING**

13 Civ. 1542 (KBF)

**JURY TRIAL DEMANDED**

        Defendants City of New York and James Fleming, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, including the implication that any defendant acted unlawfully, except state that the allegation that defendants were acting "under the color of state law and pursuant to their authority" is a conclusion of law rather than an averment of fact, to which no response is required, and admit that Plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court and proceed as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to lay venue as stated therein.

5.   Paragraph "5" of the Complaint contains only a demand for a jury trial to which no response is required.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6"of the Complaint.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipality of the State of New York, that it maintains a Police Department, and that James Fleming is employed by the City of New York as a New York City Police detective, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD").

8.   Deny the allegations set forth in paragraph "8" of the Complaint, except admit that James Fleming is employed by the City of New York as a New York City Police detective and state that the allegation that defendant Fleming was "acting under the color of state law" is a conclusion of law, not an averment of fact, to which no response is required.

9.   Deny the allegations set forth in paragraph "9" of the Complaint including the implication that any defendant acted unlawfully.

10. Paragraph "10" of the Complaint contains only a conclusion of law to which no response is required.

11. Paragraph "11" of the Complaint contains only a conclusion of law to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that on the morning of July 21, 2010, during the lawful execution of a search warrant at 1113 Finlay Avenue, Plaintiff fled the target premises.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that defendant Fleming encountered Plaintiff outside the 1113 Finlay Avenue.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that an ambulance was called to the scene and arrived at approximately 6:30 a.m.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff was transported to Lincoln Hospital located at East 149th Street in Bronx County.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that Plaintiff was treated at Lincoln Hospital where he received sutures.

21. Deny knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff was transferred to central booking later that morning.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning swelling around Plaintiff's left eye or scars.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiff was subsequently treated at Lincoln Hospital, Montefiore Comprehensive Health Care Center, and Montefiore Medical Center.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any ongoing symptoms.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint, except admit that on or about October 21, 2010 a document purporting to be a notice of claim was received by the New York City Comptroller's Office from Plaintiff.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. In response to paragraph "29" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response in paragraph numbers "1" through "28" of this Answer with the same force and effect as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

4

31. Deny the allegations set forth in paragraph "31" of the Complaint, including the implication that any defendant acted unlawfully.

32. Deny the allegations set forth in paragraph "32" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

33. Deny the allegations set forth in paragraph "33" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

34. Deny the allegations set forth in paragraph "34" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

35. Deny the allegations set forth in paragraph "35" of the Complaint, including the implication that any defendant acted unlawfully.

36. In response to paragraph "36" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "35" of this Answer with the same force and effect as if fully set forth herein.

37. Paragraph "37" of the Complaint contains only a conclusion of law, rather than any averment of fact, therefore no response is required.

38. Deny the allegations set forth in paragraph "38" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

39. Deny the allegations set forth in paragraph "39" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint insofar as it contains allegations of fact, insofar as it contains only conclusions of law, no response is required.

44. In response to paragraph "44" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "43" of this Answer with the same force and effect as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint insofar as it contains allegations of fact; insofar as it contains only conclusions of law, no response is required.

51. In response to paragraph "51" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "50" of this Answer with the same force and effect as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to paragraph "55" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "54" of this Answer with the same force and effect as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, except admit that an ambulance was called for Plaintiff.

58. Deny the allegations set forth in paragraph "58" in the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, including the implication that any defendant acted unlawfully.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. In response to paragraph "61" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "60" of this Answer with the same force and effect as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Complaint, including the implication that any defendant acted unlawfully.

63. Deny the allegations set forth in paragraph "63" of the Complaint, including the implication that any defendant acted unlawfully.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint, including the implication that any defendant acted unlawfully.

66. In response to paragraph "66" of the Complaint, Defendants repeat, reiterate, and re-allege each and every response contained in paragraphs number "1" through "65" of this Answer with the same force and effect as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint insofar as it contains allegations of fact; insofar as it contains only conclusions of law, no response is required.

69. Deny the allegations set forth in paragraph "69" of the Complaint insofar as it contains allegations of fact; insofar as it contains only conclusions of law, no response is required.

70. Deny the allegations set forth in paragraph "70" of the Complaint, including the implication that any unconstitutional customs, policies, usages, practices, and rules exist.

71. Deny the allegations set forth in paragraph "71" of the Complaint, including the implication that any unconstitutional customs, policies, usages, practices, and rules exist or that Plaintiff suffered any constitutional violations.

72. Deny the allegations set forth in paragraph "72" of the Complaint, including the implication that any unconstitutional customs, policies, usages, practices, and rules exist or that Plaintiff suffered any constitutional violations.

73. Deny the allegations set forth in paragraph "73" of the Complaint insofar as it contains allegations of fact; insofar as it contains only conclusions of law, no response is required.

8

74. Deny the allegations set forth in paragraph "74" of the Complaint insofar as it contains allegations of fact; insofar as it contains only conclusions of law, no response is required.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, and all its subparts, including the implication that any defendant acted unlawfully.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

77. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

78. Defendants City and Fleming have not violated any rights, privileges, or immunities under the Constitution or the laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

79. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or that of a third party, and was not the proximate result of any act of Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

80. There was probable cause for Plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

81. There was reasonable suspicion, probable cause, and/or exigent circumstances for any stop or search(es).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

82. Any force used was reasonable and justified.

9

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

83. Claims brought under New York State law are barred for failure to comply with General Municipal Law §50-e, h, i, j, and/or k.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

84. Claims brought under New York State law are barred under the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

85. Defendant Fleming has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

86. At all times relevant to the acts alleged in the Complaint, Defendant Fleming acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

87. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully, and in good faith in the exercise of their discretion.  Consequently, defendant City of New York, is entitled to governmental immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

88. Plaintiff cannot obtain punitive damages from the City of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

89. Plaintiff may have failed to mitigate any purported damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

90. Plaintiff provoked any incident.

**WHEREFORE,** defendants City of New York and James Fleming request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              June 24, 2013

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the
                             City of New York
                           *Attorney for Defendants City and Fleming*
                           100 Church Street
                           New York, New York 10007
                           (212) 356-3533

                       By:           s/UBA
                             Uriel B. Abt
                             Assistant Corporation Counsel
                             Special Federal Litigation

To:    Kim Richman, Esq. (By E.C.F.)
       Reese Richman LLP
       *Attorney for Plaintiff*

13 Civ. 1542 (KBF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE WHITTED,

Plaintiff,

-against-

CITY OF NEW YORK, P.O. JAMES FLEMING, AND
JOHN/JANE DOE #1-10, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES (THE NAMES "JOHN AND
JANE DOE" BEING FICTITIOUS, AS THE TRUE NAMES
ARE PRESENTLY UNKNOWN),

Defendants.

**ANSWER OF DEFENDANTS CITY AND FLEMING**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Fleming*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Uriel B. Abt*
*Tel:  (212) 356-3533*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................................,2013*

*.................................................................................... Esq.*

*Attorney for ......................................................................*